IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANTONIO J. BERRY, #03256-043                                                       PETITIONER

VERSUS                                        CIVIL ACTION NO. 5:09-cv-172-DCB-MTP

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
and BRUCE PEARSON, Warden FCI-Yazoo                            RESPONDENTS

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. On October 19, 2009, Petitioner Berry, an inmate at the Federal Correctional Institute (FCI)-Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and paid the filing fee. Upon review of the petition [1] and memorandum in support [2] filed by the Petitioner, the Court has reached the following conclusions.

## Background

The Petitioner was found guilty by a jury of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846 in the United States District Court for the Eastern District of Texas. *Pet*. [1] p.3. The Petitioner was sentenced on June 25, 1993, to serve 30 years in the custody of the Bureau of Prisons. *Pet*. [1] p.3. On April 10, 1995, the United States Court of Appeals for the Fifth Circuit affirmed the Petitioner's convictions in cause number 93-05011. *Id*. The Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 was denied by the United States District Court for the Eastern District of Texas. *Pet*. [1] p.2. According to *United States v. Berry*, 262 Fed. Appx. 614, 2008 WL 2050724 @ * 1 (5th Cir. Jan. 24, 2008)(not selected for publication in Federal Reporter), the Petitioner's request for a certificate of appealability was denied by the Fifth Circuit.

### Previous habeas petitions filed

This Court finds upon a review of the records that the Petitioner previously filed in this district court two separate petitions for habeas relief under 28 U.S.C. § 2241. In *Berry v. United. States*, 5:06cv171-DCB-MTP (S.D. Miss. Jan. 4, 2007), he challenged the constitutionality of his incarceration, specifically the validity of his indictment, and it was dismissed by this Court for lack of jurisdiction. In *Berry v. Reese*, 5:07cv144-DCB-MTP (S.D. Miss. Oct. 31, 2007), he challenged the constitutionality of his incarceration, specifically that his attorney was ineffective and that improper enhancements were applied to his sentence, and it was dismissed by this Court for lack of jurisdiction. Moreover, in both of the cases this Court found Petitioner's claims to be a challenge to the validity of his conviction, not the execution of his sentence, and that Petitioner had failed to establish the inadequacy or ineffectiveness of § 2255 as a remedy.

### Ground for habeas relief in the instant petition

The only ground for habeas relief asserted by the Petitioner in the instant civil action is that "the application of USSG § 3B1.1 and 3C1.1 to Petitioner violates the ex post facto law." *Pet.* [1] p.4. Petitioner argues in his memorandum in support [2] that the Bureau of Prisons cannot correctly execute his sentence because of an error in his pre-sentence report. Therefore, the Petitioner claims that his request for habeas relief concerns his execution of sentence by the Bureau of Prisons.

### Analysis

A petitioner may attack the manner in which his sentence is being executed in the district Court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in

which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (citing *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant case, notwithstanding the Petitioner's argument that this petition is about the execution of his sentence, it is clear that the Petitioner's allegations relate to the validity of his sentence, *i.e.*, whether the application of the United States Sentencing Guidelines Manual §§ 3B1.1 and 3C1.1 violates the ex post facto law. In fact, the Petitioner states, and it is supported by an attached copy of the Fifth Circuit's opinion affirming his conviction and sentence to the petition, that he has presented his claim that the application of U.S. Sentencing Guidelines Manual §§ 3B1.1 and 3C1.1 was incorrect to the Fifth Circuit. *Mem.* [2] p.36.

Under the allegations of the instant petition, this Court finds that these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed. As such, this Court does not have jurisdiction to address the constitutional issues presented by the Petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452.

"However, § 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).[1] Case law has made it clear that

---

[1] 28 U.S.C. § 2255 states as follows:

"[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack*, 218 F.3d at 452. The United States Court of Appeals for the Fifth Circuit has provided guidance as to the factors that must be satisfied for a Petitioner to meet the stringent "inadequate or ineffective" requirement. *See Reyes-Requena*, 243 F.3d 893. The Fifth Circuit held the savings clause of § 2255 to apply to a claim:

> (1) that the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Id.* at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." *Id.* at 903.

This Court finds Petitioner's assertion that § 2255 is an inadequate or ineffective means of attacking his current confinement to be unpersuasive. To meet the first prong of the *Reyes-Requena* test, Petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the Petitioner was convicted of a nonexistent crime. *Reyes-Requena*, 243 F.3d at 904. The Petitioner has failed to provide any support to satisfy this requirement. Thus, the Petitioner has failed to meet the first prong of the requirements of *Reyes-Requena*. Because both prongs of the *Reyes-Requena* test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test. Moreover, the

---

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" *Pack*, 218 F.3d at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). Therefore, since the Petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

Sanctions warning issued

In the memorandum opinion entered in *Berry v. Reese*, 5:07cv144-DCB-MTP (S.D. Miss. Oct. 31, 2007), this Court advised the Petitioner that his request for habeas relief in that civil action borderlined on an abuse of the writ. *See Davis v. Fetchel*, 150 F.3d 486 (5th Cir. 1998)(Court concluded that a third petition filed pursuant to section 2241 constituted an abuse of the writ). The Petitioner was further warned that any future attempts of a similar nature were likely to be found an abuse of the writ and lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on Petitioner's ability to file *pro se* actions in this Court.

This Court finds that this is the Petitioner's third petition for habeas relief pursuant to 28 U.S.C. § 2241 challenging his conviction and/or sentence for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846 in the United States District Court for the Eastern District of Texas and sentenced on June 25, 1993. Therefore, the Petitioner is warned that any future filings relating to his conviction and/or sentence **will be construed as an abuse of the writ and will result in the**

*imposition of sanctions* which result in monetary fines and/or restrictions of Petitioner's ability to file pro se actions in this Court.

Conclusion

As stated above, § 2241 is not the proper forum to assert Petitioner's claims. Therefore, this § 2241 petition will be dismissed without prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed with prejudice for this Court's lack of jurisdiction. *See Pack*, 218 F.3d at 454-55.

The Petitioner is further advised that sanctions will be imposed on future filings that are construed as relating to his conviction and/or sentence for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846 in the United States District Court for the Eastern District of Texas and sentenced on June 25, 1993.

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the 16th day of November, 2009.

                                            s/David Bramlette
                                            UNITED STATES DISTRICT JUDGE